**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE**

| | |
|---|---|
| MARYVILLE BAPTIST CHURCH, INC., *et al.*,   ) ) ) | |
| Plaintiffs,   ) ) | |
| v.   ) ) | Civil Action No. 3:20-cv-00278-DJH |
| ANDY BESHEAR, in his official capacity as the Governor of the Commonwealth of Kentucky,   ) ) ) ) | |
| Defendant.   ) | |

**GOVERNOR BESHEAR'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P ("FRCP") 12(b)(1) and (6), this Court should dismiss Plaintiffs' claims. This Court lacks subject matter jurisdiction over Plaintiffs' claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and claims under state law. (Doc. 1.) Additionally, Plaintiffs fail to plead the elements of a claim under the RLUIPA. Finally, all of the claims should be dismissed pursuant to FRCP 12(b)(6) for the reasons set forth in Governor Beshear's Response to the Renewed Emergency Motion for Injunction Pending Appeal (Doc. 31), which is incorporated fully herein by reference. Those reasons have been applied by other District Courts to deny similarly requested relief. *See Cross Culture Christian Ctr. v. Newsom*, No. 2:20-cv-832 JAM/CKD, --- F.Supp.3d ---, 2020 WL 2121111 (E.D. Cal. May 5, 2020) (attached herein as Exhibit A); *Legacy Church, Inc. v. Kunkel*, No. CIV 20-0327 JB/SCY, --- F.Supp.3d ---, 2020 WL 1905586 (D. N.M. April 17, 2020) (attached herein as Exhibit B).

# BACKGROUND

## I.     Procedural Background

This action stems from a dispute over the application of a March 19, 2020 Executive

Order issued by the then-Acting and now current Secretary of the Kentucky Cabinet for Health

and Family Services, acting as the Governor's designee. Aimed at addressing the COVID-19

pandemic and declared state of emergency in the Commonwealth of Kentucky, the Order

prohibits "all mass gatherings[,]" defined as "any event or convening that brings together groups

of individuals, including, but not limited to community, civic, public, leisure, faith-based, or

sporting events, parades; concerts; festivals; conventions; fundraisers; and similar activities."

(Doc. 1-5, PageID # 66.)

On April 17, 2020, Plaintiffs filed a Verified Complaint for Declaratory Relief,

Temporary Restraining Order, Preliminary and Permanent Injunctive Relief and Damages

against the Governor in his official capacity challenging the mass gatherings Order. (Doc. 1.)

The Complaint sets forth seven federal claims: four claims under the First Amendment, a claim

under Article IV of the United States Constitution, an equal protection claim, and an alleged

violation of RLUIPA. (Doc. 1.) Plaintiffs also allege five state law claims, including four claims

arising under the Kentucky Constitution and a claim that the Order violates the Kentucky

Religious Freedom Restoration Act. (Doc. 1.)

Also on April 17, Plaintiffs filed an Emergency Motion for Temporary Restraining Order.

(Doc. 3.) This Court denied the motion. (Doc. 9.) Plaintiffs appealed the denial of the motion to

the Sixth Circuit Court of Appeals. (Doc. 16.) That appeal is pending.

In the meantime, Plaintiffs filed Emergency Motions for Preliminary Injunction Pending

Appeal in both this Court and the Sixth Circuit. (Doc. 17); *Maryville Baptist*

*Church, Inc. v. Beshear*, No. 20-5427 (6th Cir. May 2, 2020), ECF No. 4-1. In a per curiam

order, the Sixth Circuit granted the motion in part to enjoin the mass gathering Order to the

extent it applied to or was enforced against drive-in faith-based services. (Doc. 23.) The Sixth

Circuit's Order did not enjoin the mass gathering Order as it applied to in-person faith-based

services. (*Id*.) Of note, in closing, the Sixth Circuit requested that this Court "prioritize resolution

of the claims[.]" (*Id*. at 295.)

To that end, the Governor now files this Motion to Dismiss.

## II.     Factual Background

The Governor adopts by incorporation and reference the Response in Opposition to

Plaintiffs' Renewed Emergency Motion for Injunction Pending Appeal as to the necessary

factual background regarding the spread of COVID-19 and the Commonwealth's response. (*See*

Doc. 31. PageID #: 406 – 421.)

## ARGUMENT

This court lacks jurisdiction over Plaintiffs' state law claims and RLUIPA claim.

Sovereign immunity applies to these claims.  Additionally, Plaintiffs fail to plead a claim under

RLUIPA and with respect to their Complaint as a whole.  The Governor therefore requests that

this Court dismiss Plaintiffs' Complaint.

## I.     Legal Standard

FRCP 12(b)(1) requires a court to dismiss a complaint when it lacks subject matter

jurisdiction over the case. A federal court lacks subject matter jurisdiction over claims against a

State rightfully asserting its sovereign immunity. *Alden v. Maine*, 527 U.S. 706 (1999).

Alternatively, FRCP 12(b)(6) permits a district court to dismiss a complaint for "failure

to state a claim upon which relief can be granted." For purposes of ruling on a Motion to Dismiss

pursuant to FRCP 12(b)(6), the court construes the complaint in a light most favorable to the plaintiff and accepts as true all well-pled allegations in the complaint. *Robert N. Clemens Trust*, 485 F.3d at 845 (citation omitted). The "factual allegations must be enough to raise a right to relief above a speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (citations omitted). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986) (citation omitted).

## II.    The Eleventh Amendment Prohibits Plaintiffs' State Claims And RLUIPA Claims Against The Governor.

The Eleventh Amendment to the United States Constitution bars suits against the state. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 97-98 (1984). State officials sued in their official capacities are "arms of the state" entitled to assert the State's sovereign immunity on their own behalf. *See Ernst v. Rising*, 427 F.3d 351 (6th Cir. 2005). The Supreme Court acknowledges three exceptions: suits against state officials for injunctive relief challenging the constitutionality of the official's action, *see Ex parte Young*, 209 U.S. 123 (1908), suits to which states consent, *see Pennhurst*, 465 at 98, and suits invoking Congressional statutes pursuant to the Fourteenth Amendment, *see Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 364 (2001). These exceptions are not applicable to Plaintiffs' state law claims and RLUIPA claim asserted in the Complaint. As to the state law claims, "because the purposes of *Ex parte Young* do not apply to a lawsuit designed to bring a State into compliance with state law, the States' constitutional immunity from suit prohibits all state-law claims filed against a State in federal court, whether those claims are monetary or injunctive in nature." *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005) (citing *Pennhurst*, 465 U.S. at 106). Nor has the Commonwealth consented to suit in

4

federal court on the state law claims. The Kentucky Constitution provides that the Commonwealth cannot waive immunity except by express legislative action. KY. CONST. § 231. *See also Edelman v. Jordan*, 415 U.S. 651, 673 (1977) (a state must specify "by the most express language" its intent to waive Eleventh Amendment immunity and subject itself to suit in federal court.) The Commonwealth has not done so.

As to the RLUIPA claim, that Act does not expressly abrogate a state's sovereign immunity. *See Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1025-26 (D.C. Cir. 2006).

Plaintiffs' claims also cannot survive as requests for declaratory judgment. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) (holding that the Declaratory Judgment Act does not extend the jurisdiction of federal courts.)

Accordingly, sovereign immunity bars Plaintiffs' claims against the Governor in his official capacity for damages, prospective injunctive and declaratory relief under state law and RLUIPA.

## III.    Plaintiffs Fail To Plead A Claim Under The Religious Land Use And Institutionalized Persons Act.

The Court should dismiss Plaintiffs' RLUIPA claim for the additional reason that they have not stated a claim under that statute.  Plaintiffs assert a violation of 42 U.S.C. § 2000cc(a)(1) of RLUIPA. That section states that "[n]o government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution." 42 U.S.C. § 2000cc(a)(1). It applies in any situation in which:

> (A) the substantial burden is imposed in a program or activity that receives Federal financial assistance, even if the burden results from a rule of general applicability;

(B) the substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes, even if the burden results from a rule of general applicability; or

(C) the substantial burden is imposed in the implementation of a land use regulation or system of land use regulations, under which a government makes, or has in place formal or informal procedures or practices that permit the government to make, individualized assessments of the proposed uses for the property involved.

42 U.S.C. § 2000cc(a)(2).

RLUIPA defines "land use regulation" as "a zoning or landmarking law, or the application of such a law." 42 U.S.C. § 2000cc-5(5). The mass gatherings order regulates conduct, not land use. Plaintiffs fail to allege the Governor imposed or implemented a "land use regulation." (*See* Doc. 1, PageID # 44-46.) Moreover, they disregard the application of 42 U.S.C. § 2000cc(a)(2) to their claim. Plaintiffs do not allege the burden was imposed "in a program or activity that receives Federal financial assistance[;] . . . [that it] affect[s] commerce with foreign nations, among the several States, or with Indian tribes;" or that it was imposed in a manner that allows the government to "make, individualized assessments of the proposed uses for the property involved."

Neither do Plaintiffs cite to any decision upholding a challenge under RLUIPA to a conduct-regulating statute. Interpreting RLUIPA to regulate conduct in such a way would raise constitutional questions about RLUIPA's congruence and proportionality. *See Cross Country Christian Ctr. v. Newsom*, -- F.3d --, 2020 WL 2121111, at *7 (E.D. Calif. Mar. 5, 2020) ((citing *Guru Nanak Sikh Soc. Of Yuba City v. County of Sutter*, 456 F.3d 978, 986 (9th Cir. 2006) (citing *Cutter v. Wilkinson*, 544 U.S. 709, 1161 L.Ed.2d 1020 (2005) ("To avoid RFRA's fate, Congress wrote that RLUIPA would apply only to regulations regarding land use and prison conditions.")) Under the canon of constitutional avoidance, RLUIPA does not, by its plain terms, apply to the mass gatherings order.

Plaintiffs fail to plead this claim with the particularity required to survive a motion to dismiss.

**IV.    This Court Should Dismiss The Complaint Entirely For Plaintiffs' Failure to State a Claim.**

Plaintiffs cannot prevail on any of their claims. The Governor's order prohibiting mass gatherings was a lawful response to a worldwide public health emergency. The Governor's Response to Plaintiff's Renewed Emergency Motion for Injunction Pending Appeal addresses these points, which is incorporated in this Motion. These points have been adopted by other District Courts to uphold similar orders in other states. *See Cross Culture Christian Ctr.,* No. 2:20-cv-832, --- F.Supp.3d ---, 2020 WL 2121111 (Exhibit A); *Legacy Church, Inc.*, No. CIV 20-0327 JB/SCY, --- F.Supp.3d ---, 2020 WL 1905586 (Exhibit B).

## CONCLUSION

For the foregoing reasons, Governor Beshear respectfully asks the Court to dismiss Plaintiffs' state law claims and the claim asserted under the Religious Land Use and Institutionalized Persons Act pursuant to the doctrine of sovereign immunity. Additionally, Governor Beshear respectfully asks this Court to dismiss the Complaint entirely for Plaintiff's failure to state a claim as set forth herein and in Governor Beshear's Response to Plaintiff's Renewed Emergency Motion for Injunction Pending Appeal.