RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0333p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

**20-5427**

MARYVILLE BAPTIST CHURCH, INC.; DR. JACK ROBERTS,

*Plaintiffs-Appellants*,

*v*.

ANDREW G. BESHEAR, in his official capacity as Governor of the Commonwealth of Kentucky,

*Defendant-Appellee*.

**20-5465**

THEODORE JOSEPH ROBERTS; RANDALL DANIEL; SALLY O'BOYLE,

*Plaintiffs-Appellants*,

*v*.

ROBERT D. NEACE, in his official capacity as Boone County Attorney; ANDREW G. BESHEAR, in his official capacity as Governor of the Commonwealth of Kentucky; ERIC FRIEDLANDER, in his official capacity as Acting Secretary of the Cabinet for Health and Family Services,

*Defendants-Appellees*.

Nos. 20-5427/5465

Appeals from
United States District Court for the Western District of Kentucky at Louisville
No. 3:20-cv-00278—David J. Hale, District Judge;

United States District Court for the Eastern District of Kentucky at Covington
No. 2:20-cv-00054—William O. Bertelsman, District Judge.

Argued: October 13, 2020

Decided and Filed: October 19, 2020

Before: SUTTON, McKEAGUE, and NALBANDIAN, Circuit Judges.

---

## COUNSEL

**ARGUED:** Matthew D. Staver, LIBERTY COUNSEL, Orlando, Florida, for Appellants Maryville Baptist Church and Dr. Jack Roberts. Christopher Wiest, WIEST LAW, Crestview Hills, Kentucky, for Appellants Theodore Roberts, Randall Daniel, and Sally O'Boyle. Taylor Payne, OFFICE OF THE GOVERNOR, Frankfort, Kentucky, for Appellees Andy Beshear and Eric Friedlander. Jeffrey C. Mando, ADAMS, STPNER, WOLTERMANN & DUSING, PLLC, Covington, Kentucky, for Appellee Robert Neace. **ON BRIEF:** Matthew D. Staver, Horatio G. Mihet, Roger K. Gannam, LIBERTY COUNSEL, Orlando, Florida, for Appellants Maryville Baptist Church and Dr. Jack Roberts. Christopher Wiest, WIEST LAW, Crestview Hills, Kentucky, Thomas B. Bruns, BRUNS, CONNELL, VOLLMAR & ARMSTRONG, LLC, Cincinnati, Ohio, Robert A. Winter, Jr., Fort Mitchell, Kentucky, for Appellants Theodore Roberts, Randall Daniel, and Sally O'Boyle. Taylor Payne, La Tasha Buckner, Travis Mayo, OFFICE OF THE GOVERNOR, Frankfort, Kentucky, Wesley W. Duke, David T. Lovely, CABINET FOR HEALTH AND FAMILY SERVICES, Frankfort, Kentucky, for Appellees Andy Beshear and Eric Friedlander. Jeffrey C. Mando, ADAMS, STPNER, WOLTERMANN & DUSING, PLLC, Covington, Kentucky, for Appellee Robert Neace. Barry L. Dunn, Matthew F. Kuhn, Brett R. Nolan, OFFICE OF THE KENTUCKY ATTORNEY GENERAL, Frankfort, Kentucky, for Amicus Curiae.

---

## OPINION

---

PER CURIAM. In response to the COVID-19 pandemic, Kentucky Governor Andy Beshear issued executive orders in March 2020 that barred religious services throughout the Commonwealth. The orders prompted several lawsuits and several district court rulings over whether the orders violated the free exercise rights of Kentuckians under the First Amendment of the United States Constitution. Our court issued two published decisions prohibiting the orders from going into effect during the litigation, each premised on legal assessments of the claimants' free exercise rights and each still binding in the circuit. *Maryville Baptist Church, Inc. v. Beshear*, 957 F.3d 610 (6th Cir. 2020); *Roberts v. Neace*, 958 F.3d 409 (6th Cir. 2020).

After our decisions, the Governor ended the ban on religious services. At issue today is the status of the pending cases in light of our prior decisions, other developments, and the Governor's actions since then.

I.

On March 19, in response to the pandemic, Governor Beshear prohibited "[a]ll mass gatherings," including "faith-based" gatherings, in the Commonwealth. R.1-5 at 1 (20-5427). On March 25, the Governor issued stay-at-home orders applicable to all organizations that are not "life-sustaining." R.1-7 at 2 (20-5427). The second order treated religious organizations as not "life-sustaining," save when they provide charitable services such as serving food or offering shelter. *Id.* at 3.

On April 12, Maryville Baptist Church held an Easter service. Some congregants parked their cars in the church's parking lot and listened to the service over a loudspeaker. Others enjoyed it from the pews of the church. Kentucky State Police arrived and issued notices to the congregants that their attendance at the church service violated the Governor's orders. The officers recorded congregants' license plate numbers and sent threatening letters to vehicle owners about their violations of state law.

Maryville's Easter service produced two lawsuits, one brought by Maryville Baptist Church and its pastor, the other brought by congregants of the same church.

*Maryville Baptist Church's lawsuit*. The church and pastor challenged the Governor's executive orders under the free exercise guarantee of the First Amendment to the United States Constitution, among other grounds. The complaint sought a temporary restraining order and preliminary injunction against the Governor's orders.

On April 18, the district court denied the church's motion for a temporary restraining order and requested expedited briefing on the motion for a preliminary injunction. On April 24, after failing to obtain a prompt ruling on the preliminary injunction motion, the church filed a notice of appeal and later moved this court for an emergency injunction pending appeal. On May 2, we enjoined the State from enforcing the Governor's orders against the church's drive-in outdoor services. *Maryville Baptist Church*, 957 F.3d at 616. At the same time, we ordered expedited briefing on the ban against indoor services. On May 8, the district court issued a preliminary injunction preventing the Governor from enforcing the indoor worship ban against

the church. *Maryville Baptist Church, Inc. v. Beshear*, No. 3:20-cv-278-DJH-RSE, 2020 WL 2393359, at *3 (W.D. Ky. May 8, 2020).

*The congregants' lawsuit*. Theodore Roberts, Randall Daniel, and Sally O'Boyle, each an attendee at Maryville's Easter service, sued the Governor, another state official, and a county official, claiming that the orders violated their free exercise rights under the United States Constitution. The district court denied relief on the free exercise claim. *Roberts v. Neace*, 457 F. Supp. 3d 595 (E.D. Ky. 2020). The congregants appealed. We granted an injunction pending appeal with respect to the ban on indoor services. "[D]uring the pendency of this appeal," we explained, the Commonwealth may not "enforc[e]" the orders so long as "the Church, its ministers, and its congregants adhere to the public health requirements mandated for 'life-sustaining' entities." *Roberts*, 958 F.3d at 416.

*Tabernacle Baptist Church's lawsuit*. One other lawsuit targeted the Governor's March 19 and 25 orders. On May 8, the Tabernacle Baptist Church, based in Nicholasville, Kentucky, sought to enjoin the orders on the ground that they violated its free exercise rights under the United States Constitution. That case met the same fate as the *Maryville Baptist Church* case. Indeed, on the same day, May 8, both district courts issued preliminary injunctions that prohibited enforcement of the orders. *Tabernacle Baptist Church, Inc. of Nicholasville, Ky. v. Beshear*, No. 3:20-cv-00033-GFVT, 2020 WL 2305307 (E.D. Ky. May 8, 2020). The only difference between them is that the *Tabernacle* order applied to all churches across the Commonwealth. *Id.* at *6.

In apparent response to this court's published decision in *Roberts v. Neace*, 958 F.3d 409 (6th Cir. 2020), and the district court decisions granting preliminary injunctions in the *Maryville Baptist Church* and *Tabernacle Baptist Church* cases, Governor Beshear issued a new order on May 9. In that order, the Governor permitted indoor worship services so long as attendance didn't exceed 33% of the venue's occupancy capacity. On June 10, the Governor extended that order to 50% occupancy for each venue.

These developments brought the *Tabernacle Baptist Church* challenge to an end. After obtaining clarification from the Governor at a May 11 status conference that adherence by

churches to the Commonwealth's safety guidelines was permissive, not mandatory, the Tabernacle Baptist Church and the Governor agreed that its case had become moot. As a result, the district court dismissed Tabernacle's claims against the State without prejudice.

That leaves the other two cases and these two appeals.

II.

*Maryville Baptist Church's appeal*. Maryville Baptist Church asks for one thing on appeal: an order requiring the district court to issue a preliminary injunction prohibiting the Governor from enforcing the worship ban against the church. But it already has what it wants. On May 8, the district court did just that. It entered a preliminary injunction preventing the Governor from enforcing the worship ban against the Church. *Maryville Baptist Church*, 2020 WL 2393359, at *3. The Governor never appealed that adverse decision. The 30 days for appealing the decision came and went on June 8. *See* 28 U.S.C. § 2107(a). And the injunction remains in place. There's nothing more to it than that. Having gotten what it wants, the church has no right to obtain an "affirmance" of an order the Governor does not appeal. The district court's injunction against the ban on church services—all it ever wanted—remains in place.

In attempting to convert this victory into an appealable defeat, the church points out that the district court judge issued the preliminary injunction after the church filed a notice of appeal from the denial of a temporary restraining order and after the church sought emergency relief pending appeal from this court. As the church sees it, the notice of appeal deprived the district court of any jurisdiction to act on the still-pending preliminary injunction motion. That's not obviously so. It's far from clear that a request for emergency relief pending appeal deprives a district court from ruling on a still-pending preliminary injunction motion, and indeed our May 2 decision urged the district court to act promptly on that motion.

More to the point and more to the basis for our ruling, any such defect (if defect there was) did not injure the church. It benefited from the order, leaving us back where we started: The church may not appeal a decision that benefits it in order to obtain a court of appeals ruling affirming an unchallenged decision. The appeal is dismissed as moot.

*The congregants' appeal*. What, then, to do about the congregants' appeal? They at least can say they lost below, as the district court denied their request for relief with respect to their free exercise claim. But that leaves two other sets of developments that call into question whether this appeal seeks an advisory opinion over a non-live dispute. During the (virtual) oral argument in this case, the Governor agreed that he would not sidestep the preliminary injunction issued in the *Maryville Baptist Church* case in order to apply it to the congregants of that *same* church. That leaves little drama, if any drama, for this appeal with respect to the free exercise issues still pending in this district court case. Indeed, during oral argument, the possibility was raised of consolidating this challenge into one case—the *Maryville Baptist Church* case—given that both challenges arise from the impact of the ban on the same church and same congregants. No less significantly, since the district court entered its decision in the congregants' case, Governor Beshear has issued several new orders. He has removed the ban on indoor faith-based services and has continued to allow ever-larger numbers of people to attend indoor services—now up to 50% occupancy of the venue. These developments raise serious mootness concerns. At the same time, however, the Governor has raised the possibility of lifting the injunction in the *Maryville Baptist Church* case on the ground that intervening legal developments make it wrong.

Two salient features of mootness doctrine appear to run in different directions on this record. In one direction, a claim of mootness requires a "clear" showing that the Governor will not reinstate the order or that the issue is not one "capable of repetition yet evading review." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190–91 (2000); *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007). That the Governor has filed a pleading in the *Maryville Baptist Church* case raising the possibility of dissolving the injunction on the ground of subsequent legal developments suggests that the case is not over—that he wishes to have authority to ban indoor church services again.

In the other direction, a claim is not moot when "the same legal issue," *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016), or a "similar claim" is apt to reappear, *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013). As to that, a federal court must consider the wide-ranging permutations of restrictions on indoor worship services already adopted in Kentucky and the wide-ranging permutations of restrictions (or lack of restrictions)

on comparable activities already adopted in Kentucky. The free exercise inquiry must account for *both* sides of the equation—the specific limitation on faith-based practices and the comparison of those limitations to similar activities. *See Espinoza v. Mont. Dep't of Revenue*, 140 S. Ct. 2246 (2020).

Under these circumstances, discretion is the better part of judgment when it comes to a potentially premature (and unnecessary) ruling about a moving target. We remand the congregants' case to the district court to consider in the first instance whether this case about one church should be consolidated with the *Maryville Baptist Church* case. Whether the two cases are consolidated or not, the relevant district court(s) should consider in the first instance whether these cases have become moot in light of the Governor's new orders. This approach will allow the Governor to decide exactly what his litigating position is—whether the cases are moot in light of his recent orders or whether subsequent legal developments require the district court to revisit the orders. If either party remains injured by any subsequent ruling, we will consider the matter through a timely appeal.

We dismiss the church's appeal for lack of jurisdiction and remand the congregants' appeal for resolution of the mootness question in the first instance.