**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00278-DJH-RSE**

**MARYVILLE BAPTIST CHURCH, INC.,** *et al.*                                    **PLAINTIFFS**

**VS.**

**ANDY BESHEAR**                                                                                          **DEFENDANT**

### REPORT AND RECOMMENDATION

Plaintiffs Maryville Baptist Church, Inc. and Dr. Jack Roberts ("Maryville Baptist") have submitted a motion for attorney's fees and nontaxable expenses (DN 74) and a bill of costs (DN 75). Defendant Governor Andy Beshear ("Governor Beshear") responded in opposition (DN 80), and Maryville Baptist replied (DN 85). The District Judge referred this matter to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(3). (DN 86).

### I. Findings of Fact

Maryville Baptist brought this 42 U.S.C. § 1983 Civil Rights action against Kentucky Governor Andy Beshear on April 17, 2020. (DN 1). The month prior, Governor Beshear issued an executive order prohibiting "[a]ll mass gatherings," including but not limited to "faith-based" gatherings, in response to the COVID-19 pandemic. (DN 1-5, at PageID # 66). Maryville Baptist held a drive-in Easter service on April 12, 2020, and Kentucky State Police cited several congregants for violating the mass gathering order. Maryville Baptist sought a temporary restraining order, which the district court initially denied, and a preliminary injunction pending appeal, which the Sixth Circuit granted in part. Specifically, the Sixth Circuit enjoined Governor Beshear "and all other Commonwealth officials . . . from enforcing orders prohibiting drive-in

1

services at the Maryville Baptist Church if the Church, its ministers, and its congregants adhere to the public health requirements mandated for 'life-sustaining' entities." (DN 26, at PageID # 393). The district court subsequently granted Maryville Baptist's renewed motion for preliminary injunction "as to in-person services" so long as the church adhered to the same public health requirements. (DN 35, at PageID # 580).

On May 8, 2020, the same day the district court issued its injunction, Governor Beshear issued public health requirements for churches to safely resume in-person services by May 20, 2020. The next day, on May 9, 2020, Governor Beshear issued an amended order lifting the prohibition on in-person religious services.[1] (DN 36-1). On May 12, 2020, Governor Beshear filed an amended motion to dismiss,[2] stressing that Maryville Baptist's claims had become moot due to the May 9, 2020 order. (DN 38). Governor Beshear later moved to dissolve the preliminary injunction and the injunction pending appeal, submitting that the U.S. Supreme Court "issued intervening law clarifying that enjoining the mass gatherings order was improper." (DN 46-1, at PageID # 661).

Before the district court could rule on Governor Beshear's motion, on October 19, 2020, the Sixth Circuit issued a per curiam opinion dismissing an appeal filed by Maryville Baptist for lack of jurisdiction and directing the district court to "consider in the first instance whether [the case had] become moot in light of the Governor's new orders." (DN 57-1, at PageID # 754). Following this directive, the district court denied without prejudice Governor Beshear's renewed motion to dismiss and his motion to dissolve the injunctions and ordered briefing on the issue of mootness. (DN 58).

---

[1] The mass gathering order was entirely rescinded on December 13, 2020. (DN 60-1).
[2] Governor Beshear's first motion to dismiss (DN 33) was denied as moot and the case was stayed pending resolution of Maryville Baptist's appeal before the Sixth Circuit. (DN 55).

After the parties briefed the mootness issue (DN 61; DN 61), and "[i]n light of the Kentucky Supreme Court's decisions in *Cameron v. Beshear*, No. 2021-SC-0107-I, 2021 Ky. LEXIS 240 (Ky. Aug. 21, 2021), and *Beshear v. Goodwood Brewing Co.*, No. 2021-SC-0126-I, 2021 Ky. LEXIS 239 (Ky. Aug. 21, 2021), and the legislation addressed therein," the district court dismissed the case as moot and ordered that it be stricken from the active docket on October 6, 2021. (DN 68).[3]

On December 14, 2021, Maryville Baptist submitted its motion for attorney's fees and nontaxable expenses and simultaneously tendered a bill of costs. (DN 74; DN 75). Maryville Baptist contends that by virtue of the injunctive relief obtained, it is a "prevailing party" entitled to recover costs, attorney's fees, and nontaxable expenses under 42 U.S.C. § 1988. (DN 74, at PageID # 932). Governor Beshear opposes the motion for fees, arguing Maryville Baptist is not a prevailing party because the preliminary injunctions did not provide the church material, enduring, and irrevocable relief. (DN 80, at PageID # 1042). Alternatively, Governor Beshear requests that the Court substantially reduce the amount requested if it finds Maryville Baptist is entitled to recover fees. (*Id.* at PageID # 1044). Maryville Baptist replied, reiterating its position that it is a prevailing party and reasoning it is entitled to recover fees for all its attorneys' work on the case, both before and after the injunctions were entered. (DN 85, at PageID # 1071, 1075).

II. Conclusions of Law

A. Attorney's Fees

In general, a prevailing party is not entitled to attorney's fees "absent explicit statutory authority." *McQueary v. Conway*, 614 F.3d 591, 597 (6th Cir. 2010) (citing *Buckhannon Bd. &*

---

[3] Before the district court ruled on the mootness issue, Maryville Baptist filed a motion to lift the stay previously issued on October 5, 2020 pending resolution of its appeal. (DN 65).

*Care Home v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 602 (2001)). Congress has granted such authority in the context of Section 1983 civil rights cases under 42 U.S.C. § 1988:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 12361 of Title 34, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]

42 U.S.C. § 1988(b). When a plaintiff obtains preliminary injunctive relief before their case is dismissed as moot, courts in the Sixth Circuit "apply a case-specific inquiry" to determine whether the plaintiff is a "prevailing party," and "look for a court-ordered, material, enduring change in the legal relationship between the parties." *Miller v. Caudill*, 936 F.3d 442, 448 (6th Cir. 2019). Only in "rare instances" are "preliminary-injunction winners entitled to attorneys' fees." *Miller v. Davis*, 267 F. Supp. 3d 961, 977 (E.D. Ky. 2017).

Maryville Baptist argues the injunctive relief it obtained "effected a court-ordered change in the legal relationship between [it] and the Governor" but acknowledges such a change cannot have "stem[med] from the Governor's voluntary modification of his conduct." (DN 74, at PageID # 937). Maryville Baptist reasons that despite Governor Beshear's amendment to the mass gathering order, "[t]he injunctions restrained the Governor; he did not restrain himself." (*Id.* at PageID # 938).

Governor Beshear asserts that an award of fees would be inappropriate here, as Maryville Baptist did not "prevail" on any of the claims set out in its complaint. (DN 80, at PageID # 1036). Governor Beshear further notes that Maryville Baptist's preliminary relief did not "obviate [its] need for a permanent injunction or declaratory relief" and that its claims only became moot after Governor Beshear "voluntarily took action to work with faith leaders to allow in-person services to resume safely." (*Id.* at PageID # 1040, 1044).

4

Both parties rely on *McQueary v. Conway* in support of their respective positions. In *McQueary*, the Sixth Circuit considered "whether or when the winner of a preliminary injunction may be treated as a 'prevailing party' entitled to attorney's fees." 614 F.3d 591, 596 (6th Cir. 2010). The court ultimately held that "when a claimant wins a preliminary injunction and nothing more, that usually will not suffice to obtain fees under § 1988" but remanded the case and directed the district court to determine in the first instance "when the occasional exceptions to that rule should apply" using a "contextual and case-specific inquiry[.]" *Id.* at 604. On remand, the district court performed such an inquiry and determined that an award of fees was inappropriate, and this time the Sixth Circuit affirmed. *McQueary v. Conway*, No. 06-CV-24-KKC, 2012 WL 3149344, at *3 (E.D. Ky. Aug. 1, 2012), aff'd, 508 F. App'x 522 (6th Cir. 2012).

The facts of this case bear great similarity to that of *McQueary*, wherein the plaintiff charged that certain provisions of a house and senate bill signed into law by former Kentucky Governor Ernie Fletcher "infringed upon his right to protest at funerals under the First and Fourteenth Amendments to the Constitution and were facially unconstitutional." *Id.* at *1. The district court granted the plaintiff's motion for a preliminary injunction, and afterward the General Assembly removed the challenged provisions. The Court thus determined that the plaintiff's claim for relief "became moot because the Defendant voluntarily repealed the challenged provisions" and not because the preliminary injunction "granted him all the relief he sought" or because his request for permanent relief was mooted "when a particular event occurred." *Id.* at *2. The court further opined,

> [W]here a plaintiff is granted preliminary injunctive relief that enjoins the government from acting at a particular time and place, the preliminary relief becomes, in effect, permanent relief after the event occurs. After the passage of the event, the preliminary injunction can no longer be meaningfully revoked. In contrast, preliminary injunctive relief like that granted by the Court in this case that enjoins the defendant only while the case is pending is truly temporary and

5

> revocable. Such relief cannot confer prevailing-party status because it is not "'enduring' and irrevocable." *McQueary*, 614 F.3d at 597 (citing *Sole v. Wyner*, 551 U.S. 74, 86 (2007)). Section 1988 "requires lasting relief, not the temporary 'fleeting success'" that an injunction effective only while the case is pending represents. *Id.* (citing *Sole*, 551 U.S. at 83).

*McQueary*, 2012 WL 3149344, at *3.

Such fleeting success is precisely the type Maryville Baptist accomplished here. When partially granting the injunctive relief Maryville Baptist sought, the Sixth Circuit explicitly limited it to "the pendency of this appeal" and limited its application to drive-in services so long as the church complied with public health requirements.[4] And when the district court granted Maryville Baptist's preliminary injunction and allowed in-person services to resume, it required the same compliance with the state's public health directives. More importantly, this relief could have been revoked later in the life of the case or upon its final disposition. *See Gooch v. Life Invs. Ins. Co. of Am.*, 672 F.3d 402, 414 (6th Cir. 2012) ("The power to modify or dissolve injunctions springs from the court's authority to relieve inequities that arise after the original order. . . . Where significant changes in the law or circumstances threaten to convert a previously proper injunction into an instrument of wrong, the law recognizes that judicial intervention may be necessary to prevent inequities.") (internal citations and quotation marks omitted). In arguing the case was not moot, Maryville Baptist acknowledged as much, offering that "absent a permanent injunction, the challenged policies can be reinstituted at any time." (DN 61, at PageID # 784).

Maryville Baptist argues its case is unlike *McQueary* because it obtained a "concrete right to assemble for certain, scheduled worship, every Sunday, as soon as possible[.]" (DN 74, at PageID # 942). But church services recur indefinitely, and the fact that they are set at fixed

---

[4] Along those lines, when considering the proper course of action in *McQueary*, the Sixth Circuit reiterated its prior holding in *Dubuc v. Green Oak Township*, 312 F.3d 736 (6th Cir. 2002): "Because the injunction was not a 'clear victory' for the claimant and was issued only in connection with several 'conditions' imposed on the claimant, *Dubuc* upheld the district court's denial of fees." *McQueary*, 614 F.3d at 598 (citing *Dubuc*, 312 F.3d at 754).

intervals does not liken them to the type of specific or singular events the Sixth Circuit had in mind in *McQueary*. Just like in *McQueary*, where "the Plaintiff did not seek a preliminary injunction that would permit him to protest at a specific funeral or at a specific time and place," Maryville Baptist admits it did not seek injunctive relief that would permit a specific church service. Rather, the church sought and received emergency relief to continue its regular services for an indefinite period. The fact that Maryville Baptist "enjoyed 40 consecutive Sunday[]" services, (*see* DN 74, at PageID # 936), before its claims were deemed moot does not render each of those services "specific events" as contemplated in *McQueary*. To hold otherwise would render meaningless the distinction between temporary and "enduring and irrevocable" relief set out by the Sixth Circuit.

Maryville Baptist suggests "[t]he specific, spiritual benefit [the church] and each of [its] congregants received from gathering for each unique, weekly Sunday worship service can never be undone, whether by the enactment of legislation, dissolution of the Injunctions, or dismissal of the case, or by any other event or circumstance." (DN 74, at PageID # 940). The personal benefits Maryville Baptist and its congregants received from these services may endure no matter the outcome of the case, but that is not at issue here. In support of its position that "each completed worship service is of immeasurably enduring benefit," the church cites to the Sixth Circuit's charge that "the federal courts are not to judge[] how individuals comply with their own faith as they see it." (*Id.* at PageID # 941 (quoting DN 26, at PageID # 291)). In the same way, the Court cannot consider the subjective "spiritual benefit" of Maryville Baptist or its congregants in determining whether their injunctive relief was material, enduring, or irrevocable. The church's preliminary relief did not, in effect, become permanent at the completion of each Sunday's service. Maryville Baptist's relief—the ability to regularly hold services though the pendency of this lawsuit—could still be meaningfully revoked no matter how many services had already occurred.

And such relief may have been revoked had the case not become moot and been dismissed. On May 29, 2020, nearly three weeks after Governor Beshear amended the mass gathering order, the U.S. Supreme Court denied a church's application for injunctive relief from a similar executive order issued by California Governor Gavin Newsom. *See South Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613 (2020). In his concurrence, Chief Justice Roberts opined that the restrictions placed on religious bodies "appear[ed] consistent with the Free Exercise Clause of the First Amendment" and that "[s]imilar or more severe restrictions apply to comparable secular gatherings . . . where large groups of people gather in close proximity for extended periods of time." *South Bay*, 140 S. Ct. 1613 (2020) (Roberts, J., concurring). Justice Roberts further noted that "the Order exempts or treats more leniently only dissimilar activities, such as operating grocery stores, banks, and laundromats, in which people neither congregate in large groups nor remain in close proximity for extended periods." *Id.* Relying on *South Bay*, Governor Beshear moved to dissolve the injunctions (DN 46), which the Court denied without prejudice in light of the broader issue of mootness.

Moreover, although this lawsuit and others like it may have catalyzed Governor Beshear's amendment to the mass gathering order, the Supreme Court has rejected such a "catalyst theory" for awarding fees. *See Buckhannon Bd. & Care Home v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 601–02 (2001) ("The 'catalyst theory,' however, allows an award where there is no judicially sanctioned change in the parties' legal relationship."). Indeed, "[a] defendant's voluntary change, even one precipitated by litigation, does not amount to 'a court-ordered change in the legal relationship' between the plaintiff and defendant, as required to establish prevailing-party status." *McQueary*, 614 F.3d at 597 (citing *Buckhannon*, 532 U.S. at 604).

In sum, Maryville Baptist's is not one of those rare cases where a preliminary injunction winner is entitled to recover its attorney's fees. Maryville Baptist is not a "prevailing party" because it did not receive material, enduring, and irrevocable relief by virtue of the injunctions issued in this case.[5] For these reasons, the Court recommends Maryville Baptist's request for attorney's fees and nontaxable expenses (DN 74) be denied.

## B. Costs

Fed. R. Civ. P. 54(d)(1) dictates that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "This rule 'creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court.'" *Al Maqablh v. Heinz*, No. 3:16-CV-289-JHM, 2019 WL 3842394, at *2 (W.D. Ky. Aug. 14, 2019) (quoting *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)). As discussed above, Maryville Baptist is not the prevailing party in this case. To require Governor Beshear to pay the taxable expenses outlined in its bill of costs (DN 75) would therefore not be appropriate.

## III. Recommendation

Based on the foregoing, it is **RECOMMENDED** that Plaintiffs Maryville Baptist Church, Inc. and Dr. Jack Roberts' motion for attorney's fees and nontaxable expenses (DN 74) be **DENIED**, and that Plaintiffs be responsible for their bill of costs (DN 75).

Regina S. Edwards, Magistrate Judge
United States District Court

June 16, 2022

---

[5] Because the Court recommends denial of fees, it did not undertake to determine their reasonability.

NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140 (1984).

Copies:       Counsel of Record