UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARYVILLE BAPTIST CHURCH, INC.
and DR. JACK ROBERTS,                                                    Plaintiffs,

v.                                                    Civil Action No. 3:20-cv-278-DJH-RSE

ANDY BESHEAR, in his official capacity as
Governor of the Commonwealth of Kentucky,                                 Defendant.

\* \* \* \* \*

## ORDER

Plaintiffs Maryville Baptist Church, Inc. and Dr. Jack Roberts move for an award of $390,556.88 in attorney fees and $1,554.84 in expenses.  (Docket No. 74)  The Court referred Plaintiffs' motion to Magistrate Judge Regina S. Edwards for report and recommendation.  (D.N. 86)  Judge Edwards issued her report and recommendation on June 16, 2022, recommending that Plaintiffs' motion be denied and that Plaintiffs be responsible for their bill of costs.  (D.N. 87)  Plaintiffs timely objected to the report and recommendation (D.N. 88), and Defendant Andy Beshear, Governor of the Commonwealth of Kentucky, responded (D.N. 89).  Plaintiffs then submitted supplemental, nonbinding authority in support of their position (D.N. 90), to which Beshear also responded (D.N. 91).  After careful consideration, the Court will overrule Plaintiffs' objection, adopt the report and recommendation, and deny the motion for attorney fees and request for costs.

## I.

Plaintiffs filed this action on April 17, 2020, challenging emergency restrictions imposed by Beshear in the early days of the COVID-19 pandemic.  (D.N. 1)  They sought a temporary restraining order and injunctive relief allowing them to hold church services otherwise barred by

the governor's executive orders prohibiting "mass gatherings." (D.N. 3) The Court denied

Plaintiffs' motion for a TRO (D.N. 9), and Plaintiffs appealed that ruling to the Sixth Circuit Court

of Appeals. (D.N. 16)

The Sixth Circuit granted in part Plaintiffs' motion for an injunction pending appeal,

enjoining Beshear "and all other Commonwealth officials . . . during the pendency of th[e] appeal,

from enforcing orders prohibiting drive-in services at the Maryville Baptist Church if the Church,

its ministers, and its congregants adhere to the public health requirements mandated for 'life-

sustaining' entities." *Maryville Baptist Church, Inc. v. Beshear*, 957 F.3d 610, 616 (6th Cir. 2020).

It left the issue of in-person services to this Court, *id.*, which ultimately granted the remainder of

the motion. (D.N. 35, PageID.580 (enjoining enforcement of the mass-gatherings ban "as to in-

person services at Maryville Baptist Church so long as the church, its ministers, and its congregants

adhere to public health requirements set by state officials"))

"After [the Sixth Circuit's] decisions" in this case and *Roberts v. Neace*, 958 F.3d 409 (6th

Cir. 2020), "the Governor ended the ban on religious services," *Maryville Baptist Church, Inc. v.*

*Beshear*, 977 F.3d 561, 563 (6th Cir. 2020), and the Sixth Circuit remanded for this Court's

consideration of "whether the[] case[] ha[d] become moot in light of the Governor's new orders."

*Id.* at 566. In supplemental briefing on that issue, Plaintiffs argued that the case was not moot on

the ground that the governor's "sudden change in policy is neither permanent nor irrevocable."

(D.N. 61, PageID.784 (citing *City of L.A. v. Lyons*, 461 U.S. 95, 101 (1983)); *see generally* D.N.

61) The Court ultimately dismissed the case as moot "[i]n light of the Kentucky Supreme Court's

decisions in *Cameron v. Beshear*, No. 2021-SC- 0107-I, 2021 Ky. LEXIS 240 (Ky. Aug. 21, 2021),

and *Beshear v. Goodwood Brewing Co.*, No. 2021-SC-0126-I, 2021 Ky. LEXIS 239 (Ky. Aug. 21,

2021), and the legislation addressed therein," which limited the governor's emergency powers.

2

(D.N. 68)  Plaintiffs then filed the instant motion and bill of costs, asserting that they are prevailing parties and thus entitled to recover their fees and expenses.  (D.N. 74; D.N. 75)  In her report and recommendation, Judge Edwards concluded that Plaintiffs are not prevailing parties.  (D.N. 87, PageID.1090)  Plaintiffs object to that conclusion.  (D.N. 88, PageID.1092)

## II.

The Court reviews de novo the portion of the magistrate judge's recommendation to which Plaintiffs object.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  Plaintiffs argue that Judge Edwards "misapplied" relevant Sixth Circuit precedent and "invoked inapposite legal principles" in finding that they are not prevailing parties within the meaning of 42 U.S.C. § 1988.[1] (D.N. 88, PageID.1092-93)  Section 1988(b) provides for a discretionary award of attorney fees to the "prevailing party" in any action to enforce certain enumerated statutes, including 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, both of which were invoked by Plaintiffs in this case.  (D.N. 1, PageID.6)

The parties agree that *McQueary v. Conway*, 614 F.3d 591 (6th Cir. 2010), and *Miller v. Caudill*, 936 F.3d 442 (6th Cir. 2019), provide the applicable standard.  (*See* D.N. 88, PageID.1092-93; D.N. 89, PageID.1104)  As explained in *Miller*, where a district court has issued a preliminary injunction and then dismissed the case as moot, a fee award is appropriate only if there has been "a court-ordered, material, enduring change in the legal relationship between the parties."  936 F.3d at 448 (citing *McQueary*, 614 F.3d at 597-98).  "[F]or the change to have been *court ordered*, the preliminary injunction must have caused it; it can't stem from [the defendant's] voluntary modification of h[is] conduct."  *Id.* (citing *McQueary*, 614 F.3d at 597).  And "for the

---

[1] Plaintiffs must also be "prevailing part[ies]" to recover costs under the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 54(d)(1).

change to have been *material*, it must have directly benefited [the] plaintiffs by altering how [the defendant] treated them." *Id.* (citing *McQueary*, 614 F.3d at 598). Finally, "for the change to have been *enduring*, it must have been irrevocable, meaning it must have provided [the] plaintiffs with everything they asked for." *Id.* (citing *McQueary*, 614 F.3d at 597, 599). The Sixth Circuit "approach[es this inquiry] with both hesitancy and skepticism because the '"preliminary" nature of the relief . . . generally counsel[s] against fees in the context of preliminary injunctions.'" *Id.* (alteration and omission in original) (quoting *McQueary*, 614 F.3d at 601).

Here, Plaintiffs themselves have asserted that the relief they received was not enduring: as noted above, in urging the Court to find that the case was not moot, they argued at length that the governor's voluntary cessation of enforcement was "neither permanent nor irrevocable." (D.N. 61, PageID.784 (citing *Lyons*, 461 U.S. at 101); *see generally* D.N. 61; D.N. 63) Plaintiffs also characterized Beshear's actions as "flipping the 'off' switch in response to Plaintiffs' (and others') court challenges" (D.N. 63, PageID.812), arguing that without permanent injunctive relief, the governor could resume enforcement of the restrictions "at [a]ny [t]ime." (D.N. 61, PageID.784; *see id.*, PageID.784-89) But "[a] defendant's voluntary change, even one precipitated by litigation, does not amount to 'a court-ordered change in the legal relationship' between the plaintiff and defendant, as required to establish prevailing-party status." *McQueary*, 614 F.3d at 597 (quoting *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)). Thus, by Plaintiffs' own acknowledgment, the relief they received was neither "court ordered" nor "enduring." *Miller*, 936 F.3d at 448 (citing *McQueary*, 614 F.3d at 597-98).

In their objection to the report and recommendation, Plaintiffs primarily quibble with the magistrate judge's comparison of this case to *McQueary*, asserting that "this case is much closer to the *McQueary* example of a prevailing party protester, who obtained specific preliminary

injunctive relief for a particular date and time, than *McQueary*'s actual plaintiff who obtained general preliminary injunctive relief for an unspecified future date and time." (D.N. 88, PageID.1098; *see id.* ("Plaintiffs in this case . . . sought and obtained injunctive relief securing their rights to assemble for worship on each upcoming Sunday, for 40 specific, unique, and irrevocably completed Sunday worship services prior to dismissal for mootness."); *id.*, PageID.1099 ("Any risk of prosecution for violating the Orders for 26 Sundays—from Easter Sunday through October 4, 2020—was conclusively defeated by the injunction and the passage of time." (citing *McQueary*, 614 F.3d at 599))) None of the injunctions issued in this case granted Plaintiffs relief "for a particular date and time," however. (*Id.*, PageID.1098; *see* D.N. 23, PageID.295 (granting injunction as to drive-in services "during the pendency of th[e] appeal"); D.N. 35, PageID.580 (granting motions for preliminary injunction and injunction pending appeal as to in-person services)) And Plaintiffs' suggestion that their success should be judged by the fact that they received *some* relief for *some* amount of time is inconsistent with *McQueary*. This case does not present the "fact pattern[]" contemplated by *McQueary* "in which the claimant receives everything it asked for in the lawsuit, and all that moots the case is court-ordered success and the passage of time."[2] 614 F.3d at 599. Unlike the parade protestors and other plaintiffs in

---

[2] The *McQueary* panel offered several examples, none of which is apposite here:

> When protesters seek an injunction to exercise their First Amendment rights at a specific time and place—say to demonstrate at a Saturday parade—a preliminary injunction will give them all the court-ordered relief they need and the end of the parade will moot the case. In what way are such claimants not prevailing parties? We think they are. The same is true of a government employee who seeks to exclude an unconstitutionally obtained report from an administrative hearing and obtains a preliminary injunction that irrevocably excludes the report. So also for a plaintiff who seeks to delay enforcement of a statute until a certain event occurs— say a scheduled public referendum—and the preliminary injunction brings about that result.

614 F.3d at 599 (internal citations omitted).

the *McQueary* examples, *see id.*, Plaintiffs' requested relief did not have a built-in end date.  (*See* D.N. 1, PageID.48-49)  And as discussed above, Plaintiffs—by their own admission—did not receive "everything [they] ask[ed] for."  614 F.3d at 599.  *McQueary* thus does not support an award of attorney fees here.

**III.**

Under Sixth Circuit law and the facts of this case, Plaintiffs are not prevailing parties for purposes of § 1988.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Plaintiffs' objection to the report and recommendation (D.N. 88) is **OVERRULED**.

(2)    The Report and Recommendation of Magistrate Judge Regina S. Edwards (D.N. 87) is **ADOPTED** in full and **INCORPORATED** by reference herein.

(3)    Plaintiffs' motion for attorney fees (D.N. 74) and bill of costs (D.N. 75) are **DENIED**.

(4)    This matter remains **CLOSED** and **STRICKEN** from the Court's docket.

September 30, 2022

**David J. Hale, Judge**
**United States District Court**